THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMEEL PADILLA,<br><br>  Petitioner,<br><br>  v.<br><br>ALYSSA PRICE and STEPHEN SINCLAIR,<br><br>  Respondents. | CASE NO. C21-0518-JCC-DWC<br><br>ORDER |

This matter comes before the Court on Petitioner's objections (Dkt. No. 10) to United States Magistrate Judge David W. Christel's Report and Recommendation ("R&R") (Dkt. No. 9) regarding Petitioner's federal habeas petition (Dkt. No. 1). For the reasons explained herein, the R&R (Dkt. No. 9) is ADOPTED, the objections (Dkt. No. 10) are OVERRULED, and Petitioner's habeas petition (Dkt. No. 1) is DENIED.

A district court must conduct a *de novo* review of those portions of a magistrate judge's R&R to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party properly objects when he or she files "specific written objections" to the magistrate judge's R&R as required under Federal Rule of Civil Procedure 72(b)(2). In contrast, general objections or summaries of arguments previously presented have the same effect as no objection at all since they do not focus the Court's attention on any specific issues for review. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). This Court's consideration of such

"objections" would entail *de novo* review of the entire report, rendering the referral to the magistrate judge useless and causing a duplication of time and effort that wastes judicial resources and contradicts the purposes of the Magistrates Act. *Id.* Accordingly, *de novo* review is not required when a party fails to direct the Court to a specific error in the R&R. *Strawbridge v. Sugar Mountain Resort, Inc.*, 243 F. Supp. 2d 472, 475 (W.D. N.C. 2003).

On April 16, 2021, Petitioner, through counsel, filed this habeas petition pursuant to 28 U.S.C. § 2254. He seeks relief from his state court convictions and sentences arising from five offenses: one count of communication with a minor for immoral purposes, two counts of viewing depictions of a minor engaged in sexually explicit conduct in the first degree, and two counts of the same offense in the second degree. (*See* Dkt. Nos. 1, 8-2 at 267–69.)

He raised the following grounds for relief:

1. The State relied upon evidence obtained from a search warrant which lacked the necessary particularity, thus violating Petitioner's Fourth Amendment Right to be free of unlawful searches.
2. Petitioner was denied his Sixth Amendment Right to effective assistance of counsel when his attorney failed to challenge the invalid search warrant.
3. Petitioner's First Amendment and Fifth Amendment Rights were violated when RCW 9.68A.075 was interpreted as not requiring the State to prove knowledge that the person depicted in the sexually explicit picture was a minor.
4. Petitioner's Sixth Amendment Rights were violated when the State's charging document omitted an essential element of the crime of communicating with a minor for immoral purposes.

(Dkt. No. 1.) Judge Christel found that the state court's adjudication of the contested grounds was not contrary to, or an unreasonable application of, clearly established federal law. (Dkt. No. 9 at 1.) He thus recommended Petitioner's habeas be denied and that a certificate of appealability not be issued. (*Id.*) Petitioner objects to the R&R. (Dkt. No. 10.)

1  Petitioner fails to point to specific legal error in Judge Christel's consideration of the
2  record or in his application of the law; instead, he repeats the arguments previously presented
3  regarding the validity of the warrant, ineffective assistance of counsel based on failure to move
4  to suppress the warrant, the constitutionality of Wash. Rev. Code § 9.68A.075, and the alleged
5  omission of an essential element on the charging document. (*See* Dkt. Nos. 1, 10.) This is
6  insufficient to trigger *de novo* review of Judge Christel's R&R.

7  Accordingly, the Court ORDERS as follows:

8  (1) The Court ADOPTS the R&R.

9  (2) Petitioner's Habeas Petition (Dkt. No. 1) is DENIED.

10  (3) A certificate of appealability is DENIED.

11  (4) The Clerk is further DIRECTED to send a copy of this order to the parties.

13  DATED this 19th day of October 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE